**Last revised 8/1/15**

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

IN RE:   Brian S Perkins

Case No.: _____
Judge: _____
Debtor(s)   Chapter: 13

## CHAPTER 13 PLAN AND MOTIONS

■ Original                ☐ Modified/Notice Required         ■ Discharge Sought
☐ Motions Included        ☐ Modified/No Notice Required      ☐ No Discharge Sought

Date: _____

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS WILL BE AFFECTED.**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. **This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice.**

**YOU SHOULD FILE A PROOF OF CLAIM BY THE DEADLINE STATED
IN THE NOTICE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN
THAT MAY BE CONFIRMED, EVEN IF THE PLAN REFERS TO YOUR CLAIM**

### Part 1: Payment and Length of Plan

a. The Debtor shall pay $400.00 Monthly for 60 months to the Chapter 13 Trustee, starting on April 1, 2017 for approximately 60 months.

b. The Debtor shall make plan payments to the Trustee from the following sources:
   ■ Future Earnings
   ☐ Other sources of funding (describe source, amount and date when funds are available):

1

c. Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____

- ☐ Refinance of real property
  Description:
  Proposed date for completion: _____

- ■ Loan modification with respect to mortgage encumbering property
  Description: 210 Cooper Street, Beverly, NJ

  The Debtor will be filing a Notice for Loss Mitigation with the Bankruptcy Court for the Debtor's first mortgage currently serviced by Rushmore Loan Managment Services.

  The Debtor will be making a proposed Adequate Protection Payment of $1,630.22 to Rushmore Loan Management Services.

  The Trustee is authorized to make payments to Rushmore Loan Management Services for mortgage arrears up to and not to exceed $10,000.
  .
  Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.
e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).
b. Adequate protection payments will be made in the amount of $ 1,630.22 monthly to be paid directly by the debtor(s) outside of the Plan, pre-confirmation to  Rushmore Loan Management Services  (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| S. Daniel Hutchison, Esq. SH-6931 New Jersey | Attorney Fees | 3,450.00 |
| Lana Scardigli | Domestic support obligations | 0.00 |

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the Debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Rushmore Loan Management Services | 210 Cooper Street Beverly, NJ | 10,000.00 | 0.00 | 10,000.00 | 1,630.22 |

2

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                      Best Case Bankruptcy

### b. Modification

1.) The Debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### c. Surrender

Upon confirmation, the stay is terminated as to surrendered collateral. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| -NONE- | | | |

### d. Secured Claims Unaffected by the Plan

The following secured claims are unaffected by the Plan:

<u>Creditor</u>
-NONE-

### e. Secured Claims to be paid in full through the Plan

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| New Jersey Division of Taxation | 210 Cooper Street, Beverly, NJ 08010 | 3,371.85 |

## Part 5: Unsecured Claims

a. **Not separately classified** Allowed non-priority unsecured claims shall be paid:

____      Not less than $____ to be distributed *pro rata*

____      Not less than ___ percent

_X_       *Pro Rata* distribution from any remaining funds

b. **Separately Classified Unsecured** Claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| -NONE- | | | |

3

## Part 6: Executory Contracts and Unexpired Leases

All executory contracts and unexpired leases are rejected, except the following, which are assumed:

| Creditor | Nature of Contract or Lease | Treatment by Debtor |
|---|---|---|
| -NONE- | | |

## Part 7: Motions

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, Notice of Chapter 13 Plan Transmittal, within the time and in the manner set forth in D.N.J. LBR 3015-1. A Certification of Service must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).**
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount of Lien to be Reclassified |
|---|---|---|
| -NONE- | | |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|
| -NONE- | | | |

## Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**
   - ■ Upon Confirmation
   - ☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

4

### c. Order of Distribution

The Trustee shall pay allowed claims in the following order:
1) Trustee Commissions
2) Other Administrative Claims
3) Secured Claims
4) Lease Arrearages
5) Priority Claims
6) General Unsecured Claims

### d. Post-petition claims

The Trustee ☐ is, ■ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### e. Other Provisions:

PART 1: c. Payment and Length of Plan

The Debtor will be filing a Notice for Loss Mitigation with the Bankruptcy Court for the first mortgage serviced by Rushmore Loan Management Services. Trustee is authorized to make payments on arrears up to, but not to exceed $10,000.

PART 3:    Priority Claims

Note : Child Support Recepiant is being paid thru payroll deduction, and will not be receiving payments thru this plan.
.

## Part 9 : Modification

If this plan modifies a plan previously filed in this case, complete the information below.
Date of Plan being modified:____.

| Explain below **why** the Plan is being modified. | Explain below **how** the Plan is being modified |
|---|---|
| | |

Are Schedules I and J being filed simultaneously with this modified Plan?    ☐ Yes    ☐ No

## Part 10: Sign Here

The debtor(s) and the attorney for the debtor (if any) must sign this Plan.

Date    March 29, 2017        /s/ S. Daniel Hutchison, Esq.
                              S. Daniel Hutchison, Esq. SH-6931 New Jersey
                              Attorney for the Debtor

I certify under penalty of perjury that the foregoing is true and correct.

Date:    March 29, 2017       /s/ Brian S Perkins
                              Brian S Perkins
                              Debtor

Date:    _____
                              Joint Debtor

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy